UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>Petitioner,<br><br>v.<br><br>P. COVELLO, Warden,<br><br>Respondent. | Case No. 22-cv-03881 BLF (PR)<br><br>**ORDER DENYING MOTION**<br><br><br>(Docket No. 19) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state sentence out of Santa Clara County Superior Court. Dkt. No. 1 at 1, 2. This matter was transferred to this Court from the Eastern District of California. Dkt. Nos. 16, 17. On November 30, 2022, the Court found the petition stated cognizable claims and merited an answer from Respondent. Dkt. No. 18. Respondent's response is currently pending. *Id.*

On December 30, 2022, Petitioner filed a document titled, "General motions against corruption and abuse of power and authority with racial bias and irrational madness of all state court officials and Respondent due to the case factors and Petitioner's nationality origin; and for the appointment of counsel with memorandum of law in support thereof." Dkt. No. 19. Petitioner requests that this matter be combined with the legal claims in

another habeas matter, Case No. 22-cv-03487, and "to stay under equitable tolling relief." *Id.* at 1. Petitioner makes allegations of Respondent's "abuse of power and authority with racial bias and madness." *Id.* at 2. Petitioner requests that the Court "stop the obstruction of justice by state court officials on this unconstitutional conviction," correct the information and number of his habeas actions, grant equitable tolling relief and stay the petition until he is able to file a traverse, and other injunctive relief against "state court officials, agencies and court appointed lawyers." *Id.* at 3-4.

The Court finds it inappropriate to relate the two habeas cases filed by Petitioner. In the first matter, *Calderon v. Bonta*, Case No. 22-cv-03487 BLF (PR), Petitioner raised claims challenging his state conviction out of Santa Clara County Superior Court. *Id.*, Dkt. No. 15. The Court found the petition stated two cognizable claims, but that there was a preliminary issue of timeliness since Petitioner was sentenced in 1993. *Id.*, Dkt. No. 15 at 3. Accordingly, Respondent was requested to file a motion to dismiss the petition as untimely or notice that such a motion is unwarranted. *Id.* at 5. On the other hand, the instant action involves due process challenges to Petitioner's state sentence based on new legislation under Senate Bill 1437 and Senate Bill 260. Dkt. No. 18 at 2. Senate Bill 1437 was passed in 2018, and altered accomplice liability for felony murder, permitting certain convictions to be vacated and resentenced. Senate Bill 260 was passed in 2013, and provided youth offender parole hearings for offenders who committed specified crimes prior to being 18 years of age and sentenced to state prison, with certain exemptions. Accordingly, the Court finds the claims presented in these two habeas challenges are not related and should remain in separate actions. Petitioner motion in this respect is denied.

With regard to Petitioner's request for equitable tolling and stay, he should present that argument in the other habeas action in which timeliness is at issue. Accordingly, that request is denied is irrelevant to the instant action. Furthermore, the Court notes that Petitioner filed a "traverse" in that action on January 3, 2023. *See Calderon v. Bonta*, Case No. 22-cv-03487 BLF, Dkt. No. 20.

With regard to the remainder of Petitioner's requests, they are denied as involving matters and parties that are beyond this habeas action.

Lastly, with regard to Petitioner's request for appointment of counsel, the motion is denied. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Here, an evidentiary hearing does not appear to be necessary at this stage of the proceedings, and Petitioner's circumstances are not exceptional to warrant appointment of counsel. The Court will *sua sponte* reconsider whether appointment counsel is warranted should an evidentiary hearing be necessary to review the merits of Petitioner's claims.

Respondent's answer is currently due by February 28, 2023. Dkt. No. 18. Petitioner's response shall be filed thereafter in accordance with the Court's Order to Show Cause. *Id.*

This order terminates Docket No. 19.

**IT IS SO ORDERED.**

Dated: __January 10, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion
PRO-SE\BLF\HC.22\03881Calderon_motion