United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,
Petitioner,

v.

PATRICK COVELLO, Warden,
Respondent.

Case No. 22-cv-03881 BLF (PR)

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY; DENYING OTHER MOTIONS AS MOOT**

(Docket Nos. 22, 25, 26, 27)

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction and sentence. Dkt. No. 1. The Court screened the petition and found it stated cognizable claims; the Clerk was directed to serve the matter on Respondent. Dkt. No. 18. On February 28, 2023, Respondent filed a motion to dismiss the petition for failure to state a federal claim and for lack of federal habeas jurisdiction, and even assuming the petition is properly before the Court, it is unexhausted, insufficiently pleaded, and untimely. Dkt. No. 22. Petitioner filed a "memorandum of law in support for all equitable tolling relief and general relief," which has been construed as an opposition. Dkt. No. 23. Respondent filed a reply. Dkt. No. 24.

Subsequently, Petitioner filed additional papers and motions in this matter. Dkt. Nos. 25, 26, 27, 28, 29. To the extent that these are attempts to file sur-replies, Petitioner

United States District Court
Northern District of California

did not obtain court approval prior to filing the additional briefing as required under Local Rule 7-3(d). Accordingly, these papers will not be considered in deciding Respondent's motion.

For the reasons set forth below, Respondent's motion to dismiss the petition is GRANTED.

## I. BACKGROUND

The Court takes judicial notice of the following facts regarding Petitioner's underlying conviction taken from another habeas action before this Court.[1] *See Calderon v. Covello*, Case No. 22-cv-03487-BLF (PR), Dkt. No. 27. Other information was taken from the California Appellate Court's Case Information website.[2]

In March 1993, a Santa Clara County Superior Court jury found Petitioner guilty of second degree murder of his month-old son and two counts of felony child endangerment. The trial court sentenced Petitioner to 21 years to life in state prison.

In 1994, the California Court of Appeal affirmed the conviction in an unpublished opinion (No. H011306) on August 3, 1994. *See Calderon v. Covello*, Case No. 22-cv-03487-BLF (PR), Dkt. No. 16-1. Petitioner did not petition for review in the California Supreme Court. *See* fn. 3.

Petitioner filed habeas petitions in the California Court of Appeal in 1997 (No. H017544) and in 2012 (No. H038953). Both petitions were summarily denied. *See* fn. 3.

On June 6, 2021, Petitioner filed a habeas petition in the Santa Clara County Superior Court, which denied the petition on September 13, 2021.

In November and December 2021, Petitioner filed two additional habeas petitions in

[1] A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was pro se litigant, to counter her argument that she deserved special treatment because of her pro se status).

[2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0

the Santa Clara County Superior Court, one of which was denied in February 2022.

Petitioner filed habeas petitions in the California Court of Appeal in 2022 (Nos. H050012, H050306, H050574). All three petitions were denied by the state appellate court. Petitioner appealed the last petition (No. H050574) to the state high court, which summarily denied the petition for review on January 25, 2023, (No. S277725). *Id.*

Petitioner filed an appeal from the superior court's denial of a resentencing petition under Penal Code § 1170.95 in the California Court of Appeal on June 10, 2022 (No. H050107). The state appellate court affirmed the denial of the resentencing petition on March 28, 2023, in an unpublished opinion. *Id.*; *People v. Calderon*, Case No. H050107, (Cal. App. 6th Mar. 28, 2023) ("*Calderon*, No. H050107").

Petitioner filed three habeas petitions in the California Supreme Court (Nos. S277934, S279874, S280944). *Id*. The first petition (No. S277934) was filed on December 30, 2022, and denied on February 1, 2023, with a reasoned opinion. The second petition (No. S280944) was filed on July 12, 2023, and denied on July 26, 2023, with a reasoned opinion. The third petition (No. S279874) was filed on May 4, 2023, and summarily denied on July 26, 2023, the same date the second petition was denied.

Petitioner filed the instant action on November 10, 2021, in the Eastern District of California. Dkt. No. 1. The matter was transferred to this Court on July 1, 2022. Dkt. No. 17.

The Court found the petition stated two cognizable claims (grounds one and two) and ordered Respondent to answer. Dkt. No. 18. Respondent filed a motion to dismiss, addressing all four claims from the petition: (1) Petitioner's felony murder conviction is unconstitutional under California Senate Bill 1437; (2) he was denied "due process" when he was denied relief under California Senate Bill 260; (3) the California Board of Parole Hearings (Board) denied his "transfer to [his] county Mexico under their own practices to retain people under excessive time of confinement"; and (4) the Board has used its policies "to retain lifer prisoners under excessive confinement." Dkt. No. 22 at 7.

Among their arguments, Respondent asserts that claim one should be dismissed on

the basis of federal abstention under *Younger v. Harris*, 401 U.S. 37 (1971), because Petitioner is still litigating this issue in the California Court of Appeal. *Id.* at 7-8. However, that matter has since concluded as the state appellate court denied the petition on March 28, 2023. *See supra* at 3. There is no indication that Petitioner filed a petition for review in the state high court. Accordingly, this argument will be denied as moot. The Court will consider the rest of Respondent's arguments below.[3]

## II. DISCUSSION

### A. Federal Claims and Jurisdiction

Respondent first asserts that the petition should be dismissed because it does not state a federal claim. Dkt. No. 22 at 8. With regard to claims two, three, and four, Respondent also asserts they should be dismissed for lack of federal habeas jurisdiction. *Id.* at 12.

#### 1. Claim One – Resentencing under Senate Bill 1437

Under claim one, Petitioner argues that he is entitled to resentencing under Senate Bill 1437 ("SB 1437") and California Penal Code § 1170.95. In 2019, SB 1437 amended the state's felony murder rule and natural and probable consequences doctrine as it relates to murder in order "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" *People v. Martinez*, 31 Cal.App.5th 719, 723, 242 Cal.Rptr.3d 860 (2019). In addition to amending California Penal Codes §§ 188 and 189, SB 1437 added Penal Code § 1170.95 which provides a procedure for those people who were previously convicted of felony murder or murder under a natural and probable consequences theory to seek retroactive relief under the amended statutes. *Id.* Petitioner claims he is entitled to relief because he was

[3] Because the Court grants the dismissal for failure to state a cognizable claim and for lack of federal habeas jurisdiction, it not necessary to reach Respondent's remaining arguments regarding exhaustion, insufficient pleading, and timeliness.

convicted of child endangerment (Penal Code § 273(a)(1)) and second degree felony murder under the natural and probable consequences doctrine. Dkt. No. 1 at 4. Respondent asserts that this claim rests entirely on an alleged state law violation. Dkt. No. 22 at 8. Respondent also asserts that although Petitioner references the "Due Process Clause, Equal Protection Clause under the Sixth and Fourteenth Amendments of the U.S. Const.," he does not allege how or why his conviction or sentence violates any of these federal laws. *Id.* As such, Respondent asserts, this claim fails to state a federal claim and should be dismissed. *Id.*

Having carefully reviewed the papers in this matter, the Court concludes that this claim fails to state a cognizable federal claim. The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). First of all, Petitioner's challenge to the state court's denial of his resentencing petition under Penal Code § 1170.95 only involves the interpretation and application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The fact that Petitioner attempts to characterize this state law claim as a violation of his federal constitutional rights to due process, without more, is not sufficient. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). A federal court can disturb on due process grounds a state court's procedural or evidentiary ruling only if the ruling was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995).

Furthermore, this Court is bound by a state court's interpretation of state law in habeas corpus, including one announced on direct appeal of the challenged conviction. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629

(1988). In affirming the denial of resentencing under Penal Code § 1170.95, the state appellate court found that Petitioner was simply mistaken in his belief that his conviction was tantamount to a felony murder conviction. *See Calderon*, No. H050107 at 4. The record showed that Petitioner was convicted of second degree murder of his infant and of felony child endangerment; the jury was not instructed on felony murder, and Petitioner was convicted on the theory that he was the actual killer. *Id.* Accordingly, the state appellate court found no arguable issues and affirmed the denial. *Id.* Based on this record, Petitioner has failed to establish that the state courts' rejection of his resentencing claim under § 1170.95 was arbitrary and capricious.

Even if the state courts misapplied state law to deny relief, Petitioner does not present a federal habeas claim. Other district courts have reached the same conclusion and found that a state court's alleged misapplication of Penal Code § 1170.95 does not present a federal habeas claim. *See*, *e.g.*, *Harris v. Cisneros*, 2022 WL 1082015, at *3 (N.D. Cal. 2022) (dismissing section 1170.95 claim because petitioner could not show state court's decision was arbitrary and capricious); *Gomez v. Godwin*, 2021 WL 871984, at *1-2 (C.D. Cal. 2021) (same); *Blacher v. Pollard*, 2020 WL 8484690, at *3 (N.D. Cal. 2020) (same); *see also McCavitt v. Covello*, 2022 WL 17813204 at *2-3 (recommending dismissal of section 1170.95 claim in part because petitioner could not show the state court's decision was arbitrary and capricious, citing *Blacher*). Accordingly, claim one must be dismissed for failure to state a cognizable federal claim.

**2. <u>Claim Two – Parole Hearing under SB 260</u>**

For the same reason as claim one, Respondent asserts claim two involving relief under Senate Bill 260 ("SB 260") should also be dismissed. Dkt. No. 22 at 8-9. Respondent points out that Petitioner complains the Board is not following state law, although it's unclear how, and his passing reference to "due process" is insufficient to state a federal claim. *Id.* at 9. SB 260 became law in January 2014, and established a parole eligibility mechanism for juvenile offenders, who were under 18 years of age at the time of the controlling offense, with life sentences <u>with</u> the possibility of parole. It required the

Board to give special consideration to a youth offender's age and maturity at the time of the crime when evaluating parole suitability. Cal. Penal Code §§ 4801, 3051 (West 2022). Respondent asserts that this claim must also be dismissed because Petitioner is again attempting to transform a state law claim into a federal one, and alleged errors in the application of state law are not cognizable in federal habeas corpus. Dkt. No. 22 at 9.

It appears that Petitioner cited to the wrong Senate Bill in the petition. SB 260 applies to juvenile offenders under the age of 18 at the time of the controlling offense. However, Petitioner was older than eighteen years of age at the time his infant son died.[4] This is further confirmed by Petitioner's reference to Senate Bill 261 ("SB 261") in his opposition. Dkt. No. 23 at 1. SB 261 became law in January 2016, and expanded SB 260 by extending eligibility to youth offenders under 23 years of age. *See* Cal Penal Code § 3051. Petitioner asserts that he was denied relief as a youth offender "due to racial bias and abuse of power/authority in violation of state laws and Penal Codes §§ 745 and 745(a)," and cites to several Supreme Court cases involving sentences that violated the Eighth Amendment.[5] Dkt. No. 23 at 1. However, he makes no specific argument either in the petition nor in his opposition as to why his sentence violates the Eighth Amendment under those cases. *Id.*; Dkt. No. 1 at 4-5. In reply, Respondent points out that these cases are inapplicable as they involve life without parole sentences for juvenile offenders, and Petitioner is serving a 21-years to life for an offense he committed when he was nineteen years old. Dkt. No. 24 at 4.

Having carefully reviewed the papers in this matter, the Court concludes that this claim also fails to state a cognizable federal claim because it is essentially based on an alleged error in the application of state law. *See Cooke*, 562 U.S. at 219; *Estelle*, 502 U.S. at 67-68. Petitioner's attempt to transform it into a federal claim is not persuasive.

---

[4] In reply, Respondent states that Petitioner was nineteen years old at the time of the incident. Dkt. No. 24 at 4.

[5] Petitioner cites to *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *Montgomery v. Alabama*, 577 U.S. 190 (2016).

Furthermore, this Court lacks habeas corpus jurisdiction over this SB 261 claim because a favorable judgment would not "necessarily lead to [petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Id*. at 927-28. *Nettles* makes it clear that federal habeas relief is not available for this claim because a favorable judgment for Petitioner would not necessarily mean immediate release from confinement or a shorter stay in prison. At most, success would entitle petitioner to a Youth Offender Parole Hearing, at which the parole board may, in its discretion, decline to grant parole. Accordingly, this claim must be denied for failure to state a cognizable claim and for lack of federal habeas jurisdiction.

**3. <u>Claim Three – Transfer to Mexico</u>**

Under claim three, Petitioner claims that the Board has denied his transfer to Mexico "under their own practices to retain people under excessive time of confinement." Dkt. No. 1 at 5. Respondent asserts that this claim fails to state a federal claim. Dkt. No. 22 at 9. Respondent asserts that Petitioner's reference to a "treaty" that permits transfers "to help with social rehabilitation close to loved ones" and the allegation that the Board has "used their policies or rules to over power [*sic*] the federal" are insufficient to state a federal claim. *Id.* Respondent also points to Petitioner's failure to identify the "policies and rules" he alleges. *Id.* In opposition, Petitioner cites to 18[6] U.S.C. §§ 4100, 4100(b) and §§ 4107-4109 of the "international treaty signed and ratified by acts of Congress to provide equally even fair rights to people as foreign aliens to serve rehabilitative time of imprisonment close to loved ones." Dkt. No. 23 at 1. In reply, Respondent asserts that

---

[6] Respondent points out that Petitioner actually cites to 28 U.S.C. § 4100, but this statute does not exist. Dkt. No. 24 at 5, fn. 6, citing to Dkt. No. 23 at 1. Accordingly, we will assume Petitioner meant to cite to 18 U.S.C. § 4100.

these federal statutes do not apply to California's executive branch, which is in charge of deciding whether Petitioner is suitable for parole, and Petitioner fails to show how this Court has jurisdiction. Dkt. No. 24 at 5.

Foreign nationals may apply for transfer to their country of origin pursuant to their rights under the foreign prisoner transfer treaty, 22 I.L.M. 530 (1983) ("Treaty"), which were incorporated into California Penal Code §§ 2912 and 5028(a) and implemented in part by 18 U.S.C.A. §§ 4100-15. However, the Treaty does not grant prisoners any right to be transferred because Article III of the Treaty states that the decision to transfer is discretionary and that "a sentenced person may be transferred under this Convention only… if the sentencing and administering States agree to the transfer." 22 I.L.M. 530, art. 3 (1983). Accordingly, the denial of Petitioner's request to be transferred to Mexico did not violate a federal right. Rather, he may challenge it, if at all, in the state courts.

Furthermore, as Respondent points out, Petitioner sets forth no argument that if he were transferred to Mexico, his sentence would be shorter. Dkt. No. 22 at -13. As such, it cannot be said that this claim lies in habeas where success on this claim would not "necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Skinner v. Switzer*, 562 U.S. 521, 525 n.13 (2011).

Accordingly, this claim must be denied for failure to state a cognizable federal claim and for lack of federal habeas jurisdiction.

**4. <u>Claim Four – Denial of Parole</u>**

Under claim four, Petitioner claims the Board has used its "polices or laws to retain lifer prisoners under excessive confinement which over powers [*sic*] our constitutional rights." Dkt. No. 1 at 5. Petitioner asserts that the Board is using "confidential info" to deny him a parole, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments. *Id.* Respondent asserts that Petitioner's references to various constitutional amendments is insufficient to state a federal claim, and his reference to the Board's use of confidential information in denying parole is based on state law. Dkt. No. 22 at 9. Petitioner does not address this argument in opposition. Dkt. No. 23. In reply, Respondent points out

Petitioner's failure to respond to this claim and again asserts that it must be dismissed. Dkt. No. 24 at 5.

In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.* at 220 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *See Cooke*, 562 U.S. at 220; *see Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]")

In light of *Cooke*, if "an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance," then there is no due process violation stemming from a claim that a parole denial did not comply with California's "some evidence" rule of judicial review. *Pearson v. Muntz*, 639 F.3d 1185, 1190-91 (9th Cir. 2011); *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Pearson*, 639 F.3d at 1191). Finally, the Ninth Circuit recognized that *Cooke* clearly holds that the "responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts." *Roberts*, 640 F.3d at 1047 (quoting *Cooke*, 562 U.S. at 222).

Here, there is no allegation that Petitioner was not afforded the minimum procedural requirements under *Greenholtz* in the multiple parole headings he has received since his first on January 2, 2007. Dkt. No. 22 at 30. Furthermore, even if there was a procedural defect, the Ninth Circuit has made clear that relief must be sought in the state courts. *Id.* Lastly, success on this claim would merely entitle Petitioner to another parole

United States District Court
Northern District of California

hearing and not "necessarily spell speedier release." *Wilkinson*, 544 U.S. at 82. Accordingly, this claim must be denied for failure to state a cognizable federal claim and for lack of federal habeas jurisdiction.

**B. Petitioner's Motions**

Petitioner filed several motions for relief since this matter was submitted: (1) motion for "legal notification for fully exhausted SB 1437 legal claim for relief…," Dkt. No. 25; (2) "general motion for notification of proper exhaustion of SB 1437 legal use in state courts and for fair and just equitable tolling relief and legal relief…," Dkt. No. 26; and (3) "motion for injunctive equitable relief against racial bias, irrational madness and deliberate indifference to serious health care needs…," Dkt. No. 27.

It matters not that Petitioner has recently exhausted the SB 1437 claim because the Court has found that it fails to state a cognizable federal claim. *See supra* at 6. Furthermore, the Court has found no basis for federal habeas jurisdiction over any of the claims raised in this action. Accordingly, there is no relief available to Petitioner through this action.[7] The motions are DENIED as moot.

## III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 22. The petition for a writ of habeas corpus is **DENIED with prejudice** for failure to state a cognizable claim and for lack of federal habeas jurisdiction.

Petitioner's motions for relief are **DENIED** as moot. Dkt. Nos. 25, 26, 27.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on

[7] With regard to new claims challenging conditions of confinement, such as the failure to provide adequate health care, Petitioner may only pursue them by filing a civil rights action under 42 U.S.C. § 1983 against the appropriate defendants. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 22, 25, 26 and 27.

**IT IS SO ORDERED.**

Dated: August 22, 2023

BETH LABSON FREEMAN
United States District Judge